***********
Based upon information contained in I.C. File LH-0309 and upon an investigation made by the Investigations Section of the Industrial Commission, the Full Commission makes the following:
 FINDINGS OF FACT
1. Decedent, Sharon Lavonne Alston, was a law enforcement officer with the North Carolina State Bureau of Investigation on 14 June 1995, the date of her death.
2. Decedent died on 14 June 1995, as a result of being fatally injured in an automobile accident while enroute to a roundup of suspects in a drug investigation during the course of and scope of her official duties as a law enforcement officer with the North Carolina State Bureau of Investigation.
3. Decedent was not married at the time of her death and had no dependent children. Decedent's parents were not dependent upon her for support on 14 June 1995.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedent was an eligible law enforcement officer, as defined in N.C. Gen. Stat. § 143-166.2(d), who was employed with the North Carolina State Bureau of Investigation at the time of her death on 14 June 1995.
2. Decedent's death was the direct result of injuries incurred while discharging her official duties, as defined by N.C. Gen. Stat. §143-166.2.
3. Decedent's parents are not dependent as defined by N.C. Gen. Stat. § 143-166.2(b), and so are not eligible for an award of death benefits under N.C. Gen. Stat. § 143-166.1 et seq.
4. As there are no persons qualifying for benefits under N.C. Gen. Stat. § 143-166.3(a), the sum of $25,000.00 shall be paid to the estate of decedent. N.C. Gen. Stat. § 143-166.3(b)(3).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The sum of $25,000.00 is hereby awarded to the estate of decedent Sharon Lavonne Alston. This sum shall be paid from funds appropriated by the State Treasurer for the purpose set forth in N.C. Gen. Stat. §143-166.1 et seq.
A copy of this Award shall be furnished the Office of the State Treasurer for the purpose of having compliance with this Award, and the Commission shall be advised of the date or dates of payments made.
No costs are assessed before the Commission.
This the ___ day of July, 2002.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER